### HARLAN V. CARTER v. THE STATE.

No. 14652.   Delivered December 23, 1931.

The opinion states the case.

*M. J. Raymond, F. B. Guerra, Jr., D. M. Valdez,* and *Mann, Neel & Mann,* all of Laredo, and *Dan Moody,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, three years in the penitentiary.

The facts in this case present a not unusual condition of conflict between the witnesses for the state and those for the defense. Appellant, a seventeen-year-old boy at the time of trial, shot and killed another boy of about his age. It is not necessary to an understanding of the opinion that the facts be set out at great length. Deceased and some companions were around and near the home of appellant during the afternoon, and had some conversation with appellant's mother in the course of which there seemed to have arisen in her mind, from what was said by them, a belief that deceased and his friends were either connected with or knew of the disappearance of a car belonging to appellant's family, which had been recently stolen. When appellant came home from school his mother informed him of the conversation referred to, and being informed by his sister that the group of boys were not very far away, appellant started to go to where they were. He was informed by his mother that one of the boys in the group had told her they had a gun, so, according to the testi-

mony of appellant, he went into the house and procured a single-barreled shot gun which he carried with him as he went down to interview deceased and his companions. According to the testimony of appellant, he asked the other boys if they would go back to where appellant's mother was and let her question them in regard to the alleged stolen car, and deceased, speaking for himself and his companions, angrily declined to go, and said that appellant could not make them go. Appellant claimed that at this time deceased advanced upon him in a threatening manner, and that he raised his gun which had been standing with its butt upon the ground. He said that deceased grabbed the gun with one hand and struck at him with a large knife in the other hand, and that as deceased drew the knife back to make another strike he jerked the gun away from deceased and fired, striking deceased on the right side of the body not far from his shoulder. Appellant claimed that his intent was to shoot deceased in the arm which held the knife.

Notwithstanding numerous exceptions to the failure of the court to charge on self-defense as presented in several bills of exception as well as exceptions reserved to the charge of the court, the learned trial judge declined to submit the law of such theory, and on the contrary said to the jury as follows:

"On the subject of self defense you are instructed that there is no evidence that defendant had any lawful authority to require deceased to go to his (defendant's) house for questioning, and if defendant was trying to make deceased go there for that purpose at the time of the killing, he was acting without authority of law, and the law of self-defense does not apply."

This was not only tantamount to a refusal to charge on self-defense, but was an express refusal to recognize the existence of facts upon which the jury might have concluded appellant acted in self-defense, and seems to assume the truth of the state's contentions. In the giving of such charge, and in his refusal to submit to the jury appropriate instructions upon the law of self-defense, and in such assumption we are of opinion the learned trial judge fell into error for which the case must be reversed.

There are various other matters complained of chiefly related to and concerned with the right of the accused to have a charge upon self-defense. Without presuming to tell the trial court what he should charge the jury upon a state of facts which may develop upon another trial, if any herein, for the error of the giving of said charge and the refusal of an appropriate charge on self-defense, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*